834 F.2d 172
 UNPUBLISHED DISPOSITION
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAGIC CHEF, INC., Plaintiff, Counter Defendant-Appellee,
v.
INTERNATIONAL MOLDERS and ALLIED WORKERS UNION, AFL-CIO-CLC,
Defendant, Counter Plaintiff-Appellant.
 No. 87-5046.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges, and POTTER, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, the International Molders and Allied Workers Union, AFL-CIO-CLC, appeals from a judgment of the Honorable Allan Edgar, United States District Court Judge for the Eastern District of Tennessee sustaining defendant, Magic Chef, Inc.'s motion for summary judgment and vacating an arbitration award rendered by Arbitrator Jack Clarke. We AFFIRM.
 
 
 2
 Debra K. Hawkins and Lisa Johnson were hired by Magic Chef on July 29, 1983. They worked next to each other on an assembly line and became friends and then roommates. However, their personal relationship deteriorated in 1984. After several months of animosity Hawkins struck Johnson at a non-company softball game on September 20, 1984. Johnson was hospitalized and swore out a complaint for assault and battery. Hawkins pleaded guilty and was convicted of this offense. She was then discharged from Magic Chef for this behavior.
 
 
 3
 Hawkins filed a grievance and the union pursued it to arbitration. On December 7, 1985 Arbitrator Jack Clarke issued his opinion and order. He held that under the terms of the collective bargaining agreement Hawkins could only be discharged for just cause. The agreement allowed the company to discharge employees who violated company rules and company rule of conduct B1 said that no employee could strike a fellow employee at any time. However, the arbitrator held that the collective bargaining agreement had to be read as a whole. He held that to interpret the agreement so as to permit a discharge for any violation of company rules would effectively allow the company to circumvent the just cause provision. He chose instead to read an independent just cause requirement into the agreement and determined that there was no just cause for termination in this case.
 
 
 4
 The district court reversed. The court found that the arbitrator had ignored the clear intention of the collective bargaining agreement as agreed to by Magic Chef and the union. While stating its own limited role in the review process, the court found that this was an appropriate instance for judicial intervention. The court held that the arbitrator could not be permitted to dispense his own brand of "industrial justice" in light of contract terms to the contrary. On appeal, the union urges that the court erred in disturbing the arbitrators interpretation of the collective bargaining agreement.
 
 
 5
 We agree with the trial judge's conclusion that the arbitrator's decision fails to draw its essence from the language of the collective bargaining agreement. The terms of the agreement, although unusual, are nonetheless clear in their limitations upon the ability of the arbitrator to alter the discipline imposed by the company. Thus, we agree with Judge Edgar that the arbitrator ignored Article XI, Section 11, by failing to limit his inquiry to determining whether the company's action in discharging Hawkins unlawfully discriminated against her. The arbitrator further overlooked the fact that in ten prior instances of such fighting, the employer had imposed the penalty of discharge. The arbitrator's actions were not consistent with the clear language of rule B1, the collective bargaining agreement as a whole or past practice. It was therefore appropriate for the district court to reverse the arbitrator's decision.[1]
 
 
 6
 We do not, however, adopt as the opinion of this court the observation of the district court in footnote 2 on the last page of Judge Edgar's opinion of December 10, 1986. That footnote dealt with ongoing but stayed proceedings for the discharge of Hawkins, based upon reasons other than those properly before the arbitrator, and hence before us. Any rights or liabilities arising from that case are outside the proper scope of the district court's judgment and of our affirmance thereof. In all other respects, however, we find ourselves in agreement with the district judge, and the judgment of the district court is accordingly AFFIRMED.
 
 
 
 *
 The Honorable John W. Potter, Judge, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 It is not necessary for us to interpret company rule of conduct B7 which states that an employee can be discharged if charged with a crime involving moral turpitude. Hawkins' violation of rule B1 was a sufficient ground for her discharge